**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ZELIK FRIDMAN,<br><br>    Defendant. | Civil Action No. 21-12090 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

  This matter comes before the Court on Plaintiff United States of America's (the "Government") motion for default judgment. (ECF No. 6.) Defendant Zelik Fridman ("Fridman") did not oppose. The Court has carefully considered the Government's submission and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court grants-in-part and denies-in-part the Government's Motion.

**I. BACKGROUND**

  Fridman is a United States citizen who held a financial interest in several foreign bank accounts from 2004 through 2007. (Compl. ¶¶ 7-8, ECF No. 1.) During that time, the aggregate balance in those accounts exceeded $10,000. (*Id.* ¶ 9.) Fridman was required by law to file a reporting document, a Report of Foreign Bank and Financial Accounts, also known as an "FBAR," disclosing his financial interest in each of the accounts but failed to timely do so. (*Id.* ¶¶ 10-11.)

On June 28, 2019, a delegate of the Secretary of the Treasury assessed a $10,000 penalty per account violation against Fridman under 31 U.S.C. § 5321(a)(5), totaling $240,000. (*Id.* ¶ 12.) Despite notice and demand, Fridman failed to fully pay the assessed penalties. (*Id.* ¶ 14.)

On June 2, 2021, the Government filed the Complaint in the instant action to collect the penalties assessed against Fridman under 31 U.S.C. § 5321(a)(5). (*See generally* Compl.) Although Fridman was personally served with the summons and Complaint on June 11, 2021, he failed to answer or otherwise respond to the Complaint. (Aff. of Serv., ECF No. 4.) Accordingly, the Clerk of the Court entered default against him on August 19, 2021.

The Government now moves for an entry of default judgment and seeks an award against Fridman in the amount of $276,177.54. (*See generally* Govts Moving Br., ECF No. 6-1.) The Government submits that post-judgment interest and post-judgment late-payment penalties shall accrue until the judgment is paid in full pursuant to 28 U.S.C. § 1961(a), 31 U.S.C. § 3717(e)(2), and 31 C.F.R. §§ 5.5(a) and 901.9.(Proposed Order 2, ECF No. 6-3.)

II.     **LEGAL STANDARD**

If a party fails to plead or otherwise defend claims against it, on the Clerk of the Court entering a default, the Court may enter default judgment under Federal Rule of Civil Procedure 55(b).[1] Fed. R. Civ. P. 55(b). "[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013) (citing 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2688, at 58-59 (3d ed. 1998 and Supp. 2013)). Whether to grant default judgment is left

---

[1] Hereafter "Rules" or "Rule" refers to the Federal Rules of Civil Procedure.

"primarily to the discretion of the district court." *Hriz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citation omitted).

Before entering default judgment, the Court must determine whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the parties. *Mark IV Transp. & Logistics v. Lightning Logistics, Inc.*, 705 F. App'x 103, 108 (3d Cir. 2017) (citing *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010)). Further, the Court must determine "whether the moving party's complaint establishes a legitimate cause of action." *La. Counseling and Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008). If these initial requirements are met, then the Court examines three factors to determine whether entry of a default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction and Personal Jurisdiction

It is the Court's affirmative duty to examine its jurisdiction both over the subject matter and the parties themselves before entering a default judgment. *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015). The Court concludes it has both subject matter jurisdiction and personal jurisdiction. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355 because this matter: (1) arises under federal law, (2) was commenced by the United States, and (3) involves the recovery of fines incurred under an act of Congress.

This Court also has personal jurisdiction over Fridman. "[A]n individual's domicile, or home, constitutes the paradigmatic forum for the exercise of general jurisdiction." *Chanel, Inc. v.*

*Matos*, 133 F. Supp. 3d 678, 684 (D.N.J. 2015) (internal quotation marks and citation omitted). Fridman is a resident of Manalapan, New Jersey. (Compl. ¶ 4.) Therefore, exercise of personal jurisdiction is proper. *See* Fed. R. Civ. P. 4(k)(1)(A).

**B.     Sufficiency of Service**

Next, the Court addresses whether there was sufficient proof of service. As mentioned above, Fridman was personally served at his home in New Jersey. (*See generally* Aff. of Serv.) Therefore, this requirement is satisfied.

**C.     Legitimate Cause of Action**

Next, the Court addresses the merits of the action. In doing so, it must accept all well-pleaded factual allegations in the Complaint as true and determine whether the Government alleges a cognizable cause of action. *Lumico Life Ins. Co. v. Marks*, No. 19-18968, 2021 WL 1783283, at *3 (D.N.J. May 5, 2021). The Government initiated this action to collect the penalties assessed against Fridman for his failure to report his interest in a foreign bank account for the tax years 2004 through 2007. The Bank Secretary Act ("BSA") of 1970 directs the Secretary of the Treasury to require citizens of the United States to "keep records and file reports" when such citizen "makes a transaction or maintains a relation for any person with a foreign financial agency." 31 U.S.C. § 5314. The Secretary has implemented the BSA "through various regulations, including 31 C.F.R. § 1010.350, which specifies that certain United States persons must annually file [an FBAR] with the IRS." *Bedrosian v. United States*, 912 F.3d 144, 147 (3d Cir. 2018). The FBAR form must be filed "on or before June 30 of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

The civil penalties for failing to file an FBAR are set forth in 31 U.S.C. § 5321(a)(5). *Bedrosian*, 912 F.3d at 147. The maximum penalty for a non-willful violation, such as the violation in issue, is $10,000. *Id.* (citing 31 U.S.C. § 5321(a)(5)(B)(i)).

Here the Complaint alleges that, from the years 2004 to 2007, Fridman was subject to the reporting requirements of 31 U.S.C. § 5314 because (1) he was a citizen of the United States, (2) he had an interest in or signatory authority over foreign financial accounts, and (3) the balance of that account exceeded $10,000 in each relevant year. (Compl. ¶¶ 7-9.) Further, the Complaint alleges that Fridman failed to timely file FBAR forms for those years. (*Id.* ¶ 11.) Thus, Fridman failed to comply with the reporting requirements of 31 U.S.C. § 5314. Accordingly, the United States adequately alleges that it is entitled to collect the penalties assessed against Fridman under § 5321(a)(5).

### D. *Chamberlain Factors*

Moving forward, the last question before the Court—having found both jurisdiction and it appropriate to decide the matter—is whether default judgment should be entered. To decide this, the Court takes into consideration the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164 (citation omitted). "Before imposing the extreme sanction of default, district courts must" make an explicit finding as to each of these factors. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"As to the first factor, '[w]hen a defendant fails to respond to a plaintiff's claims, the plaintiff will be prejudiced absent a default judgment because [the] plaintiff will be left with no other means to vindicate [its] claims.'" *Tryg Ins. v. C.H. Robinson Worldwide, Inc.*, No. 15-5343, 2017 WL 11491955, at *3 (D.N.J. Nov. 28, 2017) (quoting *United States v. DiPiazza*, No. 16-518, 2016 WL 7015625, at *2 (D.N.J. Nov. 30, 2016)). Fridman failed to respond or appear in this action for over a year. Thus, the Court finds that Fridman's lack of participation in this suit weighs in favor of granting default judgment.

Addressing the second factor, a potential defense is meritorious "when the allegations of the pleadings, if established at trial, would . . . constitute a complete defense." *Id.* at *3 (quoting *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869-70 (3d Cir. 1984)). When a defendant fails to appear, a court may find it has "failed to raise any defenses for the Court's consideration." *Id.*; *see also United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016) (noting that "the Court cannot consider [d]efendant's defenses if any exist because [d]efendant failed to respond to this action"); *Prudential Ins. Co. of Am. v. Taylor*, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) ("[B]ecause [defendant] has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). Here, Fridman has raised no defenses before the Court and the pleadings do not otherwise present a likely meritorious defense. As a result, the Court finds this factor weighs in favor of granting default judgment.

Third, the Court considers "whether [Fridman's] delay is due to culpable conduct." *Chamberlain*, 210 F.3d at 164. "[C]ulpable conduct means actions taken willfully or in bad faith." *DiPiazza*, 2016 WL 7015625, at *2 (quoting *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983)). A failure to respond for a substantial period of time after service of process, "at the very least," "reflects willful conduct." *Id.*; *see also Tryg Ins.*, 2017 WL 11491955, at *3 (holding that "[w]hile [d]efendant's complete inaction may not necessarily reflect bad faith, at the very least it reflects willful conduct." (internal quotation marks omitted)). Here, the Government properly served Fridman nearly a year ago, and Fridman failed to respond. The Court therefore finds that this failure is willful and weighs this factor in favor of granting default judgment.

In sum, the Court finds entering default judgment appropriate.

### E.     Remedy

What is left is the proper remedy. The Government seeks penalties against Fridman in the amount of $276,177.54, inclusive of the assessed FBAR penalties ($240,000.00), prejudgment interest ($5,168.22), and late-payment penalties ($31,009.32). (Decl. ¶ 4, ECF No. 6-2.) Interest and penalties are expressly permitted by 31 U.S.C. § 3717. The Government submitted a declaration in support of its Motion that asserts that this amount was determined according to information in the Internal Revenue Service FBAR Database and the Bureau of the Fiscal Service's Cross Servicing Next Generation (CSNG) system. (*Id.*) The Government, however, did not submit those records for the Court's consideration. Without those records for its own review, the Court finds this evidence insufficient. Therefore, the Court finds good cause to allow the Government to submit a declaration with those records before awarding damages.

## IV.     CONCLUSION

For the reasons stated above, and for other good cause shown, the Court grants-in-part and denies-in-part the Motion for Default Judgment.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE